# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| COURTNEY YOUNGS ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| SUPERIOR ASSET MANAGEMENT, ) | |
| INC. AND VIKRAM NEGI ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendants. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the North Carolina Debt Collection Practices Act ("NCDCPA") and the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Courtney Youngs ("Plaintiff"), is a natural person who at

1

all relevant times resided in the State of North Carolina, County of Cumberland, and City of Fayetteville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Superior Asset Management, Inc. ("SAM") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, Vikram Negi ("Negi") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v.*

*Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10. Superior Asset Management, Inc. and Vikram Negi ("Defendants" are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Defendants, via their agent and/or employee "Mr. Phils," communicated with Plaintiff via telephone on or about January 25, 2011, and at

3

such time, offered to settle the alleged debt for $900.00 (nine hundred dollars and zero cents).

15. However, Defendants provided Plaintiff with only a two hour period during which said offer would be purportedly open for acceptance, and further stated that we Plaintiff to fail to agree to accept Defendants' offer within the allotted time, Defendants (i) consider Plaintiff's failure to accept as a refusal to pay the alleged debt, and (ii) would pursue legal action against Plaintiff, an act that Defendants did not in fact intend to take. (15 U.S.C. §§ 1692e(5); 1692e(10); 1692f; N.C. Gen. Stat. 6 75-51(8)).

16. Defendants, in connection with the collection of an alleged debt, via its agent and/or employee "Mr. Jones," placed a call to Plaintiff's cellular phone, and at such time, left Plaintiff a voicemail message in which Defendants failed to disclose that the call was from a debt collector.

17. Furthermore, Defendants, via their agent and/or employee "Mr. Phils," initiated a second phone call to Plaintiff on January 25, 2011 at 12:12 pm, subsequently aborting the phone call without leaving a message, thus failing to provide (i) the individual identity of the caller, (ii) the true corporate and/or business name of Defendants, and (iii) that the call was from a dept collector. (15 U.S.C. §§ 1692d(6), 1692e(11)).

18. Defendants' actions constitute conduct highly offensive to a reasonable person.

4

## COUNT I
## DEFENDANT SAM

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT NEGI

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT SAM

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated N.C. Gen. Stat. § 75-54(4) as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m) Adjudging that Defendant violated N.C. Gen. Stat. § 75-54(4);

n) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

o) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

p) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

q) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT NEGI

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated N.C. Gen. Stat. § 75-54(4) as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

s) Adjudging that Defendant violated N.C. Gen. Stat. § 75-54(4);

t) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

u) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

v) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

w) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

x) Awarding such other and further relief as the Court may deem just and proper.

# COUNT V
# DEFENDANT SAM

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12.

28. A violation of the North Carolina Debt Collection Practices Act is an unfair and deceptive practice proscribed by the North Carolina Unfair and Deceptive Trade Practices Act, pursuant to N.C. Gen. Stat. § 58-70-130(c).

29. Defendant violated of N.C. Gen. Stat. § 58-70-110(4).

30. Defendant willfully engaged in its violation of the North Carolina Unfair and Deceptive Trade Practices Act.

31. Defendant unwarrantedly refused to resolve this matter, which arises, at least in part, from Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

32. Plaintiff suffered actual damages as a result of Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110(4).

    b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

    c) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 58-70-130(b);

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in

this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## DEFENDANT NEGI

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12.

34. A violation of the North Carolina Debt Collection Practices Act is an unfair and deceptive practice proscribed by the North Carolina Unfair and Deceptive Trade Practices Act, pursuant to N.C. Gen. Stat. § 58-70-130(c).

35. Defendant violated of N.C. Gen. Stat. § 58-70-110(4).

36. Defendant willfully engaged in its violation of the North Carolina Unfair and Deceptive Trade Practices Act.

37. Defendant unwarrantedly refused to resolve this matter, which arises, at least in part, from Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

38. Plaintiff suffered actual damages as a result of Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110(4).

h) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

i) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 58-70-130(b);

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 26th day of July, 2011.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>*Weisberg & Meyers, LLC*
>5025 N. Central Ave. #602
>Phoenix, AZ 85012